IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

CHRISTINA SALYARDS,

       Plaintiff

v.

FRANK A. SELLERS,
FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation, and
KBT TRANSPORTATION, INC., a Texas corporation,

       Defendants

---

## COMPLAINT

---

**COMES NOW** Plaintiff, Christina Salyards (hereinafter referred to as Plaintiff Salyards), by and through her counsel Levine Law, L.L.C., and for her Complaint against the Defendants, states and alleges as follows:

### PARTIES

1.    Plaintiff Salyards is an individual who is a citizen of the State of Colorado who presently resides at the following address: 3325 S. Kalispell Street, Aurora, Colorado 80013.

2.    Defendant, Frank A. Sellers (hereinafter referred to as Defendant Sellers) is an individual who is a citizen of the State of Texas who presently resides at the following address: 119 Allen Drive, Burleson, Texas 76028.

3.    Defendant FedEx Ground Package System, Inc. (hereinafter referred to as Defendant FedEx) is a foreign corporation organized under the laws of Delaware and actively doing business in the State of Colorado. Defendant FedEx has a registered agent in the City and County of Denver located at The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado 80202.

4.    Defendant KBT Transportation, Inc. (hereinafter referred to as Defendant KBT) is a foreign corporation organized under the laws of Texas and actively doing business in the State

of Colorado. Defendant KBT is located at the following address: 7401 Catlow Court, Fort Worth, Texas 76137.

## JURISDICTION

5. Jurisdiction is asserted over the subject matter of this action because the parties reside in different states and the amount in question exceeds $75,000. Venue is proper as the events giving rise to this action occurred in Colorado.

6. In the early morning hours of September 29, 2012, Defendant sellers stopped his truck in the right lane on I-76 to block traffic due to a guardrail protruding into the right lane. However, Defendant Sellers failed to take the proper steps to ensure that the traffic behind him could tell that a truck was stopped in the middle of the highway at night. Upon information and belief, Defendant Sellers failed to turn on warning lights, flashing lights, or put out any sort of road flares, reflective signs or anything else to indicate that he was at a complete stop in the middle of the highway in the middle of the night. Sometime after Defendant Sellers came to a stop in the middle of the highway, Plaintiff Salyards collided with the back of Defendant Sellers' trailer, causing significant injuries and damages to Plaintiff Salyards.

7. Upon information and belief, Defendant Sellers was an employee or contractor of Defendant KBT. Defendant KBT owned the tractor that Defendant Sellers was driving at the time of the subject accident. Upon information and belief, Defendant FedEx and/or Defendant KBT owned or leased the trailers that Defendant Sellers was pulling on the date on the accident. Upon information and belief, Defendant Sellers was hauling Defendant FedEx packages on the night of the subject collision.

8. Upon information and belief, Defendant KBT failed to take due care or reasonable care to train and supervise Defendant Sellers in the proper performance of job responsibilities, the proper knowledge of trucking guidelines and procedures and the proper rules and regulations promulgated by state and federal laws in order to prevent injury and damage to the motoring public.

9. Therefore, KBT employee Defendant Sellers lacked the knowledge and skill ordinarily possessed by other skilled truck drivers in preventing, identifying, and avoiding injury to the motoring public.

10. Upon information and belief, Defendant FedEx failed to train Defendant Sellers in the proper performance of job responsibilities, the proper knowledge of trucking guidelines and procedures and the proper rules and regulations promulgated by state and federal laws in order to prevent injury and damage to the motoring public.

11. Upon information and belief, Defendant FedEx failed to insure that Defendant KBT trained Defendant Sellers in the proper performance of job responsibilities, the proper knowledge of trucking guidelines and procedures and the proper rules and regulations promulgated by state and federal laws in order to prevent injury and damage to the motoring public.

2

12.     All damages to Plaintiff Salyards are in the past, present and future whether so specifically delineated in each paragraph or not.

## FIRST CLAIM FOR RELIEF
### (Negligence – Defendant Sellers)

13.     Plaintiff incorporates herein all allegations contained in Paragraphs 1 through 12.

14.     Defendant Sellers operated the vehicle in his charge in a reckless, careless and negligent manner, and did so in such a fashion as to cause Plaintiff Salyards to strike the back trailer of the FedEx truck that he was operating. Defendant Sellers was stopped on eastbound I-76 with no warning lights, flashing lights, reflective triangles or any other means to alert oncoming eastbound traffic, including Plaintiff Salyards, that he was stopped on I-76.

15.     As a direct, immediate and proximate result of Defendant Sellers' negligent actions and/or omissions, Plaintiff Salyards has been damaged.

16.     As a direct, immediate and proximate result of Defendant Sellers' negligence as stated above, Plaintiff Salyards has sustained severe injuries, which are of a permanent nature and which have caused the Plaintiff great pain, suffering, discomfort and emotional distress and which will continue to cause the Plaintiff great pain, suffering, discomfort and emotional distress.

17.     As a direct, immediate and proximate result of Defendant Sellers' negligence, Plaintiff Salyards has incurred and will continue to incur medical, hospital, therapeutic and physician expenses.

18.     As a direct, immediate and proximate result of Defendant Sellers' negligence, Plaintiff Salyards has lost the ability to enjoy life as she did before the accident, has lost time, has suffered impaired earning capacity, economic losses, lost time from work and has lost pay and salary.

19.     All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

**WHEREFORE**, Plaintiff prays for relief all is as more particularly hereinafter set forth.

## SECOND CLAIM FOR RELIEF
### (Negligence *Per Se* – Defendant Sellers)

20.     Plaintiff incorporates herein all allegations contained in paragraphs 1 through 19.

21.     Defendant Sellers stopped the FedEx truck in his charge on I-76 with no warning lights, flashing lights, reflective triangles, or any other means to alert oncoming eastbound traffic,

including Plaintiff Salyards, that he was stopped on I-76, in violation of traffic laws of our State including, but not limited to, C.R.S. §42-4-1008 and FMCSR 392.22.

22. At the time of this incident, the Colorado Revised Statute and FMCSR specifically set forth in the preceding paragraph were in effect.

23. A violation of this statutes and/or regulations constitutes negligence *per se*.

24. As a direct, immediate and proximate result of Defendant Sellers' negligence *per se*, Plaintiff Salyards has been damaged.

25. As a direct, immediate and proximate result of Defendant Sellers' negligence *per se* as stated above, Plaintiff Salyards has sustained severe injuries, which are of a permanent nature and which have caused the Plaintiff great pain, suffering, discomfort and emotional distress and which will continue to cause the Plaintiff great pain, suffering, discomfort and emotional distress.

26. As a direct, immediate and proximate result of Defendant Sellers' negligence *per se*, Plaintiff Salyards has incurred and will continue to incur medical, hospital, therapeutic and physician expenses.

27. As a direct, immediate and proximate result of Defendant Sellers' negligence *per se*, Plaintiff Salyards has lost the ability to enjoy life as she did before the accident, has lost time, has suffered impaired earning capacity, economic losses, lost time from work, and has lost pay and salary.

28. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

**WHEREFORE**, Plaintiff prays for relief all is as more particularly hereinafter set forth.

### THIRD CLAIM FOR RELIEF
**(Negligent Training and Supervision Defendant KBT Transportation, Inc.)**

29. Plaintiffs incorporate herein all allegations contained in paragraphs 1 through 28.

30. Defendant KBT has a duty to third parties with whom its employees may come into contact to give its employees duties and responsibilities that are appropriate in light of the employees' particular skills and proclivities.

31. Defendant KBT failed to take due care or reasonable care to train and supervise its employees in the proper performance of job responsibilities, the proper knowledge of trucking guidelines and procedures and the proper rules and regulations promulgated by state and federal laws in order to prevent injury and damage to the motoring public.

32. Therefore, Defendant KBT employees lacked the knowledge and skill ordinarily possessed by other skilled truck drivers in preventing, identifying, and avoiding injury to the motoring public.

33. Defendant KBT breached its duty by failing to properly train and supervise its employees.

34. Defendant KBT's failure to properly train and supervise its employees caused the accident in question, which further caused all of the Plaintiff's damages.

35. As a direct and proximate result of Defendant KBT's failure to properly supervise and train its employees, said Defendant is liable to Plaintiff for all of her injuries, damages and losses.

36. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

**WHEREFORE**, Plaintiff prays for relief all is a more particularly hereinafter set forth.

### FOURTH CLAIM FOR RELIEF
**(Negligent Training and Supervision Defendant FedEx Ground Package System)**

37. Plaintiffs incorporate herein all allegations contained in paragraphs 1 through 36.

38. Defendant FedEx has a duty to third parties with whom its employees, drivers and/or contractors may come into contact, to give its employees, drivers and/or contractors duties and responsibilities that are appropriate in light of the employees'/drivers'/contractors' particular skills and proclivities.

39. Defendant FedEx failed to take due care or reasonable care to train and supervise its employees and/or contractors in the proper performance of job responsibilities, the proper knowledge of trucking guidelines and procedures and the proper rules and regulations promulgated by state and federal laws in order to prevent injury and damage to the motoring public.

40. Therefore, Defendant FedEx employees and/or contractors lacked the knowledge and skill ordinarily possessed by other skilled truck drivers in preventing, identifying, and avoiding injury to the motoring public.

41. Defendant FedEx breached its duty by failing to properly train and supervise its employees and/or contractors.

42. Defendant FedEx's failure to properly train and supervise its employees, drivers and/or contractors caused the accident in question, which further caused all of the Plaintiff's damages.

43. As a direct and proximate result of Defendant FedEx's failure to properly supervise and train its employees and/or contractors, said Defendant is liable to Plaintiff for all of her injuries, damages and losses.

44. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

**WHEREFORE**, Plaintiff prays for relief all is a more particularly hereinafter set forth.

### FIFTH CLAIM FOR RELIEF
(*Respondeat Superior* **Defendant KBT Transportation, Inc.**)

45. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 44.

46. At all times material hereto the Defendant Sellers was an agent of the Defendant KBT Transportation and was acting within the course and scope of his employment at the time of the September 29, 2012 automobile collision.

47. Defendant KBT Transportation is bound by the actions and/or omissions of Defendant Sellers, and Defendant KBT Transportation is liable to the Plaintiff Salyards for her damages through the application of the Doctrine of *Respondeat Superior*.

48. As a direct, immediate and proximate result of the agent of Defendant KBT Transportation's conduct, Plaintiff Salyards has been damaged as identified above.

49. All damages to the Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

**WHEREFORE**, Plaintiff prays for relief all is as more particularly hereinafter set forth.

### SIXTH CLAIM FOR RELIEF
(*Respondeat Superior* **FedEx Ground Package System**)

50. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 49.

51. At all times material hereto Defendant Sellers was an agent of Defendant FedEx and was acting within the course and scope of his employment at the time of the September 29, 2012 automobile collision.

52. Defendant FedEx is bound by the actions and/ or omissions of Defendant Sellers and Defendant FedEx is liable to the Plaintiff Salyards for her damages through the application of the Doctrine of *Respondeat Superior*.

53. As a direct, immediate and proximate result of the agent of Defendant FedEx's conduct, Plaintiff Salyards has been damaged as identified above.

54. All damages to the Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

**WHEREFORE**, Plaintiff prays for relief all is as more particularly hereinafter set forth.

### SEVENTH CLAIM FOR RELIEF
### (Negligent Selection of Independent Contractor FedEx Ground Package System)

55. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 54.

56. At all times material hereto, Defendant KBT Transportation was an agent/contractor of Defendant FedEx and was acting within the course and scope of its contract at the time of the September 29, 2012 automobile collision.

57. Defendant FedEx had a duty to choose a competent independent contractor.

58. Defendant FedEx failed to conduct proper investigation into Defendant KBT Transportation's fitness and ability to operate safely thereby selecting an incompetent independent contractor.

59. Defendant FedEx is liable to Plaintiff as a result of Defendant KBT Transportation's negligence because it was negligent in selecting a careless or incompetent company with whom to contract.

60. Defendant FedEx is bound by the actions and/or omissions of Defendant KBT Transportation and Defendant FedEx is liable to the Plaintiff Salyards for her damages through the application of the Doctrine of Negligent Selection of the independent contractor Defendant KBT Transportation.

61. As a direct, immediate and proximate result of the negligent selection of Defendant FedEx, Plaintiff Salyards has been damaged as identified above.

62. All damages to the Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

### REQUEST FOR RELIEF

Plaintiff Christina Salyards requests the following relief: judgment in her favor and against Defendants Sellers, FedEx and KBT, and each of them, in an amount which will fully compensate her for her injuries and damages in the past, present and future, including for past, present and future medical expenses, for past, present and future pain and suffering, for personal injuries, for

emotional distress, for loss of the ability to enjoy life as she did before the accident, for permanent physical injuries and for other non-economic damages, for interest on such sums as is provided by law, for attorney's fees, expert witness fees, costs, and for such other and further relief as to which this Court deems proper in the premises.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Date: July14, 2014

s/ Jordan S. Levine
Levine Law, L.L.C.
4500 Cherry Creek Drive South
Suite 400
Denver, Colorado  80246
Tel:  (303) 333-8000
Fax: (303) 333-8005
Email:  jordan@levlawllc.com
Attorney for Plaintiff Salyards

Plaintiff's address:
3325 S. Kalispell Street
Aurora, CO  80013

**CERTIFICATE OF SERVICE**

I hereby certify on this 14th day of July, 2014, a true and correct copy of the foregoing **COMPLAINT** was electronically filed via CM/ECF and served on the following:

Michael Sullivan, Esq.
Smalley & Sullivan
445 Union Street
Suite 103
Lakewood, CO  80228

/s/ Nora Floyd
Nora Floyd
Litigation Paralegal

8